

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 11, 1972

Mr. Carl C. Hardin, Jr.
Executive Secretary
Texas State Board of Dental
  Examiners
310 Capital National Bank Bldg.
Austin, Texas   78701

Opinion No. M-1168

Re: Whether dentists and
dental hygienists
licensees who were
delinquent in their
annual registration
fees as of March 1,
1972, are permitted to
pay annual registration
fees at the rate set by
law at the time they
became due.

Dear Mr. Hardin:

     You request our opinion as to whether dentists and dental hygienists who are delinquent in their annual registration fees as of March 1, 1972, shall now pay their delinquent fees at the rate set by law at the time they became due or at the higher rate now set by law.

     Section 2 of Article 4550a, Vernon's Civil Statutes, as amended in 1971[1] includes the following language:

> ". . . Provided, that such license shall
> be reinstated at any time within three years
> upon written application of the holder made to
> said Board . . . accompanied by the payment of
> the annual registration fees in arrears and an
> additional fee of Five Dollars ($5). . . ."

---

[1] Acts 62nd Leg., R.S., 1971, Ch. 375, p. 1391, 1392, S.B. 410.

Section 6 of Article 4551e, Vernon's Civil Statutes, as amended in 1971[2] includes a similar provision relative to a dental hygienist.

We are of the opinion that in collecting fees required for reinstatement of the license of a dentist or a dental hygienist, the Board shall collect the fee provided for under the law in effect at the time of the collection.

Under Section 1 of Article 4550a, as amended in 1971[3] the registration fee for a dentist may be from $12 to $50 as determined by the Board.  Under Section 6 of Article 4551e, as amended in 1971[4] the registration fee for a dental hygienist may be from $10 to $25, as determined by the Board.

When the Board has adopted, under these statutes, the fee for the ensuing registration, it must collect the same amount for each year an eligible individual who desires to be reinstated is delinquent, plus the $5 additional fee.

It is our opinion that the Legislature intended these statutes, as amended, to govern all annual registration fees from the time the statutes take effect, with the Board to collect the fees prescribed by the amended statutes without regard to fees set by older laws.

The Act which amended these statutes[5] contains a general repealer clause which reads,

---

[2]Ibid., p. 1393.

[3]Ibid., p. 1391.

[4]Ibid.

[5]Ibid.

"All laws or parts of laws in conflict
herewith are hereby repealed."

Therefore, the only statutes prescribing fees for reinstatement
of either kind of license are those enacted in 1971. When the
new law took effect, before the applicant may have his license
renewed, he must pay his dues at the new rate, plus the amount
of penalty assessment on the dues in arrears. This has been
the past interpretation of this law by this office. Atty. Gen.
Opin. No. O-5592 (1943).

Retrospective imposition of penalties on delinquent
taxpayers or licensees violates no constitutional provision.
See League v. Texas, 184 U.S. 156 (1902).

## S U M M A R Y

Reinstatement of licenses of dentists and
dental hygienists requires the payment of that
amount for each year delinquent at the rate fixed
by the Dental Board as prescribed by the 1971
Amendment to Article 4550a, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Max Hamilton
Bill Flanary
Ben Harrison
Jack Sparks

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant

Mr. Carl C. Hardin, Jr., page 4,     (M-1168)